### SHEPARD et al. v. WHALEY et al.

#### (*Supreme Court, Special Term, New York County.* July 15, 1890.)

MORTGAGE FORECLOSURE—SALE—POSTPONEMENT.

 A referee appointed to conduct a sale of land on mortgage foreclosure must determine the time when the sale shall take place; and where, at the time and place advertised for the sale, plaintiff's attorney, without authority from the referee, orders the sale to be postponed on account of the latter's absence, the sale must be readvertised by the referee.

At chambers. Mortgage foreclosure by Shepard and others against Whaley and others. A decree of foreclosure was rendered, and a referee appointed to conduct the sale. He advertised the premises to be sold at the real-estate exchange in New York city on July 8, 1890. On the day of sale the referee failed to put in an appearance, and the auctioneer, by direction of plaintiff's attorney, postponed the sale to July 16, 1890. The Farmers' Loan & Trust Company, one of the parties to the action, now moves that the referee be ordered to readvertise the sale.

*F. C. Canteen,* for plaintiffs. *Turner, McClure & Rolston,* for Farmers' Loan & Trust Company.

ANDREWS, J. The determination of the question whether a sale of real estate under a decree of foreclosure shall be postponed is not a mechanical act, but one which involves the exercise of the judgment. This is not only so theoretically, for the amount realized sometimes depends largely upon the time when the sale is made. The referee is the person appointed by the court to conduct the sale, and it is in his duty, among other things, to determine the time when the sale shall take place, and he cannot delegate the performance of his duty to the auctioneer, the plaintiff's attorney, or any one else. All parties interested in the sale or the result of it are entitled to the exercise of the judgment of the referee upon this question, and a postponement by any one but the referee is an irregularity. It is hardly worth while to speculate as to what the effect of such irregularity would be, or as to who could take advantage of it. It is certain that injury might result to some one from a postponement so made, and it is certain that, upon the application of any person so injured, the sale would be set aside. In *Powell* v. *Tuttle,* 3 N. Y. 396, a sale made by one loan commissioner was set aside. The law required that the sale should be made by two commissioners, but only one was present. The sale was in the country, and in the winter. The weather and roads were bad, but one bidder was present, and property worth $5,000 was knocked down to him for less than $500. The circumstances were such that the sale should have been postponed, (though no charge of fraud or collusion was made,) and the court of appeals held that the decision of the question whether the sale should go on or be put off was a judicial act, and that the parties interested were entitled to have had that question determined by both commissioners. That case is decisive of the present motion. for. if it was essential that both

commissioners should pass upon the question of postponement, *a fortiori* it is necessary that such question should be decided by the referee when but one person has authority to conduct the sale. The affidavit upon which the motion is made is open to the criticism that some of the statements contained in it are made upon information only, but I think there is enough in it to show that the sale was not postponed by the referee, or in pursuance of his positive instructions. Besides, if such had been the case, I presume an affidavit to that effect would have been submitted. Apparently the question whether there should be a postponement was decided by the plaintiff's attorney. I do not intend to hold that the referee could not have postponed the sale without being personally present at the exchange. He might have decided before the time fixed for the sale to have a postponement, and have given positive instructions to that effect, and such instructions might have been carried out without his actual presence at the exchange. What I do hold is that the question of a postponement must be decided by the referee himself, either in person at the time and place at which the sale is advertised to take place, or by some positive direction given beforehand. I think the motion to require the referee to readvertise should be granted, but without costs, and without any direction to referee as to the time when the sale shall take place. The order will be settled on notice.